IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND

UNITED STATES OF AMERICA

vs.

Dayon Bailey

Case No. 19-506-JKB

\*\*\*\*\*\*

## ORDER OF DETENTION (18 U.S.C. § 3142)

In accordance with the Bail Reform Act, 18 U.S.C. § 3142(f), a detention hearing has been held. I have concluded that the following facts require the detention of the defendant pending the trial of this case.

### PART I: FINDINGS OF FACT

☒ (1) This is a case in which the [government may properly seek detention] or [the court may consider ordering detention sua sponte].

☒ (2) The defendant is charged under: 21 U.S.C. 846; 21 USC 841(a); 18 USC 924(c); 19 USC 922(g)

☒ (3) The maximum term of imprisonment, if convicted, is: Life

☒ (4) Based on the government's [**proffer**] [evidence] there is probable cause to believe that the defendant committed the offense(s) charged.

  ☒ The government is entitled to a presumption under § 3142 (e) [**describe in Part II**].

  ☒ The defendant has failed to rebut this presumption risk of flight and danger

☒ (5) I find, by a preponderance of the evidence, from the information produced at the hearing that there is a serious risk that the defendant will not appear.

☒ (6) I find, by clear and convincing evidence, from the information produced at the hearing that the defendant poses a risk to the safety of other persons and the community.

☒ (7) I find by clear and convincing evidence that there is no condition or combination of conditions which will reasonably assure **community safety and appearance at trial.**

### PART II: WRITTEN STATEMENT OF ADDITIONAL REASONS FOR DETENTION

Strength of the Proffer of evidence by government (See Gov't Opposition ECF No. 23)
Nature of underlying charges (See Gov't Opposition ECF No. 23)
Significant prison sentence if convicted (enhancing risk of nonappearance); Evaded arrest for approximately 1 year
Recommendation of Pretrial Services
Presumption based on nature of charges

The Bail Reform Act factors found in 18 USC 3142(g) weight heavily in favor of detention, as detained in Government's Opposition (ECF No. 23). The Defense has not really argued otherwise. However, the Defense argues that the COVID-19 pandemic poses not only a serious health risk to the general public, but an enhanced risk to Mr. Bailey because of his underlying health conditions and his residence in the Chesapeake Detention Facility. The Court does not dispute those risks. However, they must be weighed in combination with the 3142(g) factors which, as mentioned, heavily support detention both due to flight risk and danger to the community.

Mr. Bailey's underlying health conditions create an enhanced risk whether or not he is detained. In fact, the proposed third party custodians both work in health care settings, which itself create additional risk. The conditions of his detention, according to all information currently available to the Court in terms of protocols and processes that have been instituted at CDF, do not unreasonably enhance that risk so as to outweigh the 3142(g) factors. There has

been no showing that those measures have proven inadequate, and at this point, no detainees or employees of that facility have tested positive for COVID-19.

Accordingly, the defendant is committed to the custody of the Attorney General or his/her designated representative for confinement in a corrections facility separate, to the extent practicable, from persons awaiting or serving sentences or being held in custody pending appeal. The defendant shall be afforded reasonable opportunity for private consultation with defense counsel. On order of a court of the United States or on request of an attorney for the Government, the U.S. Marshal shall deliver the defendant for the purpose of an appearance in connection with a court proceeding.

March 20, 2020
Date

J. Mark Coulson
United States Magistrate Judge